EASTERN DIST.
*April*, 1838.

STATE
*vs.*
BUCHANAN.

missible in evidence, *only* to prove that such a judgment had been recovered; but the evidence on which it was obtained is inadmissible. The return of *nulla bona* on the execution, is admissible, to show the inability of the debtor to pay.

that the testimony of witnesses given in that case was not admissible in this. The return of *nulla bona* on the execution, was properly admitted to show the inability of the debtor to pay. But we conclude upon the whole, that a new trial ought to have been allowed, because the promise to pay after the date of the sale, was not sufficient evidence to show the indebtedness of Bergel previously thereto, and we are not authorized to presume fraud in a case where it would not avail the party alleging it.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be reversed, and the verdict set aside, and it is further ordered, that the case be remanded for a new trial, the appellee paying the cost of the appeal.

---

### STATE *vs.* JUDGE BUCHANAN.

#### APPLICATION FOR A MANDAMUS.

If the counsel for either party requests the court, when the evidence closes and before the jury retires, to charge them in a particular way and it refuses, a bill of exceptions may be tendered to such refusal, even after the jury returns with their verdict.

It is sufficient if the judge refuses to charge the jury as required by a party, that the exception be taken when the charge is made, and drawn up and submitted to the court within a reasonable time thereafter, and before judgment is signed.

This is an application for a mandamus. The defendant in the case of Perry against Terrell, by his counsel, complains, that at the close of the trial of that case, he requested the judge presiding to charge the jury, "that inasmuch as no evidence had been offered to prove the assignment or transfer of the bond on which the suit was brought, the jury

ought to find a verdict for the defendant, and that it was <span>EASTERN DIST.</span> necessary to prove the assignment to entitle the plaintiff to <span>April, 1838.</span> recover."

That the judge refused to charge as requested, upon which his counsel tendered his bill of exceptions, setting forth the particular clause, which he asked to be inserted in the charge, and the judge refused to sign the bill of exceptions, because it was not tendered until after the jury had retired to consult and agree upon their verdict, &c. He prays for a writ of mandamus, commanding the judge to sign said bill, &c.

A rule was taken on the district judge to show cause why the prayer of the applicant should not be granted.

The judge showed cause as stated in the opinion of this court, which follows:

*Roselius*, for the applicant.

*Carleton, J.*, delivered the opinion of the court.

This is an application for a mandamus to the district judge for the first judicial district, requiring him to allow a bill of exceptions, which, it is alleged, he refused to sign at the trial of the cause before him.

The bill is in the following words:

Perry
vs. } District Court.
Terrell.

"Be it remembered, that on the trial of this case, after the testimony was closed, the counsel for the defendant requested the court to charge the jury that, inasmuch as no proof had been made of the assignment of the bail bond on which this suit is brought, the plaintiff is not entitled to recover; but the court refused to charge the jury as requested, but instructed them that as the bond had been introduced without objection, it was not necessary to make proof of the assignment; to which refusal and charge, the defendant prayed leave to except, and tendered this his bill of exceptions, &c. &c."

The judge, in his answer, gave as a reason for his refusing to sign, "that, the article 517 of the Code of Practice,

STATE
*vs.*
BUCHANAN.

declares, that the court shall reduce to writing its charge to the jury, if either party require it, and on the refusal of the court to reduce its charge to writing, the party may except.

" No request was made to the court to reduce its charge to writing ; but after the jury had brought in their verdict, the counsel of defendant, presented the above bill of exception for his signature, which he refused to sign, on the ground of its being irregular and illegal. That it is plain from the 517th and 518th articles of the Code of Practice, that a bill of exceptions to a refusal of a judge to deliver his charge in writing, (the only regular and legal bill of exceptions to a charge,) must be tendered before the jury retires ; such bill is part of the record, and the jury have a right, and in fact are obliged, to take the whole record with them into their retirement."

The judge does not deny that this was requested by defendant's counsel, after the testimony was closed, to charge the jury, before they had retired ; but says, he was not requested to reduce the charge to *writing,* and that the bill was not presented till after the jury had returned with their verdict.

We think the judge erred : whatever may be his opinion, he is bound to give it in writing if requested, and if he refuse, the party may except ; that is, except to the opinion of the court : the writing is only intended to embody and render certain that opinion before the appellate tribunal.

In this case the opinion was reduced to writing by the counsel, and if it be correctly stated, it was the duty of the judge to have signed it, or to sign what he preferred to commit to writing for himself.

The circumstance of its having been presented for his signature after the jury returned, does not vary the case. This often happens in order to prevent delay in the hurry of a trial. It is sufficient if the exception were taken when the charge was made, and drawn up and submitted to the court within a reasonable time thereafter, and before judgment signed.

Let the rule be made absolute.

*If the counsel for either party request the court when the evidence closes and before the jury retires to charge them in a particular way, and it refuses, a bill of exceptions may be tendered to such refusal, even after the jury returns with their verdict.*

*It is sufficient, if the judge refuses to charge the jury as required by a party, that the exception be taken when the charge is made, and drawn up and submitted to the court within a reasonable time thereafter, and before judgment is signed.*